PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

AO 241 (Rev. 5/85)

FILED
IN CLERKS OFFICE

| United States District Court | District Massachusetts |
|---|---|
| Name Tony B. Gaskins | Prisoner No. 2004 OCT 18 Case No. W52145  97-11540-WGY |
| Place of Confinement MCI-Cedar Junction | U.S. DISTRICT COURT DISTRICT OF MASS. |

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Tony B. Gaskins | V.    David Nolan |

The Attorney General of the State of:    Massachusetts

04-12255

*Referred to Ch MJ MB Bowler*

### PETITION

1. Name and location of court which entered the judgment of conviction under attack  Newburyport Superior Court,

2. Date of judgment of conviction  February, 1992

3. Length of sentence  Life without parole

4. Nature of offense involved (all counts)  Felony murder/deliberate premeditated murder.

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court  Supreme Judicial Court

(b) Result  conviction affirmed

(c) Date of result and citation, if known  647 N.E.2d 429 (1995)

(d) Grounds raised  1) trial judge erred in denying motion for directed verdict; 2) defective second degree instructions (see 3(a))

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court  n/a

(2) Result

(3) Date of result and citation, if known

(4) Grounds raised

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court  n/a

(2) Result

(3) Date of result and citation, if known

(4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court  Salem Superior Court

(2) Nature of proceeding  Motion for New Trial

(3) Grounds raised  1) prosecutor knowingly and intentionally used perjured testimony to procure a conviction; 2) the sys-

9(d) cont'd

3) the composition of the jury pool should have been chal-
lenged; 4) counsel was ineffective for failing to produce
exculpatory evidence in the form of a dying declaration.

AO 241 (Rev. 5/85)

tematice exclusion and underrepresentation of blacks and
hispanics in the jury pool; 3) ineffective appellate coun-
counsel; 4) ineffective trial counsel; (see 4(a))

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court  Salem Superior Court

(2) Nature of proceeding  Motion for New Trial filed after this court
ordered the case back to the state for further exhaustion.

(3) Grounds raised  1) Prosecutor's knowing use of perjured testi-
mony; 2) Trial judge erred in his charge on second degree
murder as it related to third prong malice.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☒  No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☒  No ☐
(2) Second petition, etc.    Yes ☒  No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____
_____
_____

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.
CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

11(3) cont'd

5) Prosecutorial misconduct improper vouching; Trial judge
erred in admitting into evidence co-defendants plea without
curative instructions; Trial erred in refusing to instruct
on second degree felony murder; ineffective counsel.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Prosecutor knowingly and intentionally used the perjured testimony of Leo Womack to procure a conviction.

Supporting FACTS (state *briefly* without citing cases or law) Here the prosecutor deliberately used the perjured testimony of Leo Womack to convict the defendant of murder when the prosecutor knew that his testimony was false when he said, "Mr. Gaskins told me, I stuck that nigger, he didn't make the fence. This was critical evidence and was proven to be false at the evidentiary hearing.

B. Ground two: The prosecutor improperly vouched for the testimony of Leo Womack and Raymond Coffill.

Supporting FACTS (state *briefly* without citing cases or law): In his closing, the prosecutor said: "Now, the Commonwealth contends that whatever their liabilities, Raymond Coffill and Leo Womack are telling the truth when they tell you that"(Tr. 4:48-49), and "He wouldn't be able to tell you a lie without letting on." (Tr. 4:56) This comment was based on the perjured testimony of Leo Womack the prosecutor knew it was a lie.

AO 241 (Rev. 5/85)

C. Ground three: The jury instructions permitted an inference of malice on less than a plain and strong likelihood of death.

Supporting FACTS (state *briefly* without citing cases or law): The jury in this case was told that it could return a murder conviction based on a plain and strong likelihood of grievous bodily harm, and not necessarily death. (Tr. 4:84-85)

D. Ground four Trial judge erred when he failed to instruct the jury on second degree felony murder.

Supporting FACTS (state *briefly* without citing cases or law): The law in Massachusetts is that the degree of murder shall be found by the jury. In this case the judge violated the defendant's due process rights when he instructed the jury to disregard the possibility of returning a verdict of second degree murder based on felony murder.

   (see attachment 6(a) for further grounds)

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing  Michael P. Hickey, 15 Church Street, Salem, Ma.
        01970

    (b) At arraignment and plea  N/A

E. Ground five: The SJC Erroneously relieved the trial court's
misdirection on the question of second degree felony murder
by implicating the alternative theory of deliberate pre-
meditation for which there was insufficient evidence.

Supporting Facts: There was insufficient evidence of
premeditation. The prosecution's entire case was premised on
felony-murder where the alleged crime occurred during the
attempted commission of a felonious act. Never was there
evidence presented to establish that the petitioner "specifi-
cally" intended to kill the alleged victim.

F. Ground six: The petitioner proclaims "actual innocence"
of the murder of David Clark, whereas he received newly
discovered evidence in the affidavit of Leo Womack, and,
in light of the new evidence, it is more likely than not
that no reasonable juror would have found him guilty
beyond a reasonable doubt.

Support Facts: Mr. Leo Womack has come forward in a signed
and sworn affidavit admitting that he lied and this was
corroborated by the trial prosecutor in a sworn affidavit,
as well as Leo Womack's trial attorney at an evidentiary
hearing held in this matter. Without Mr. Womack's testimony
the jurors would have acquitted the defendant.

G. Ground seven: Trial judge erred in admitting into evi-
dence codefendants plea without curative instructions.

Supporting Facts: In this case, the prosecution entered
into a plea agreement with Leo Womack and Raymond Coffill
for their testimony. Their plea agreements were entered
into evidence without curative instructions by the trial
judge.

H. Ground eight: Defense counsel was ineffective when he
   failed to move to strike the jury pool and venire.

   Supporting Facts: In the case at bar, defense counsel
argued before the trial judge about the unconstitutional make
up of the jury venire. He filed a motion for an individual
voir dire of the jurors and his request was denied. Defense
counsel knew of the potential harm that could result from
an all white jury but failed to properly address this
concern by moving to strike the entire venire. Instead,
he sat mute after the judge denied his request.

I. Ground nine: Appellate counsel was ineffective.

   Supporting Facts: Appellate counsel was ineffective when
she failed to file a new trial motion on the unconstitutionally
selected jury issue clarifying the record before arguing
the issue before the state Supreme Judicial Court.

J. Ground Ten: Defense counsel was ineffective when he failed
to interview, investigate and call exculpatory witnesses
who could have exculpated the defendant.

   Supporting Facts: There was exculpatory evidence available
to the defense in "five" possibly "six" witnesses who counsel
failed to call. He never interviewed any of these witnesses
nor did he investigate their stories to see if they were true.

K. Ground Eleven: Defense counsel was ineffective when he
   failed to either move for a mistrial or move to strike
or request limting curative instruction when the jury was
allowed to hear numerous inadmissible hearsay statements.

   Supporting Facts: In this case, the Commonwealth proceeded
on a joint venture theory. However, the Commonwealth failed
to prove a joint venture existed. Despite this, the jury
was allowed to hear and consider numerous prejudicial hearsay
statements that were testified to by the codefendants which
were admissible only on the basis of their being made in
furtherance of a joint venture or conspiracy.

AO 241  (Rev. 5/85)

  (c)  At trial ___ Michael P. Hickey, esq. _____

  (d)  At sentencing  Same _____

  (e)  On appeal Rosemary Scapicchio, esq. (address unknow) _____

  (f)  In any post-conviction proceeding  John J. Barter, Attorney at Law, Third
Floor, 83 Atlantic Ave, Boston, Ma. 02110-3711.

  (g)  On appeal from any adverse ruling in a post-conviction proceeding  John J. Barter

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐   No ☒

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☒   No ☐
  (a)  If so, give name and location of court which imposed sentence to be served in the future:  ~~2½ years~~
H.O.C. (Lowell District Court); 1½-2years (Norfolk Superior)

  (b)  Give date and length of the above sentence:  ~~from and after sentences~~

  (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☒   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on
9/29/04
(date)

_____
Signature of Petitioner

(7)