# EXHIBIT B

A000037

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                SUPERIOR COURT
                                          CRIMINAL NO:91-CR-018642

                                    )
COMMONWEALTH                        )
                                    )
v.                                  )
                                    )
TONY GASKINS                        )
                                    )

## MOTION FOR DISCOVERY PURSUANT TO
## RULE 30(c) MASS. R. CRIM. P.

The defendant, Tony Gaskins, moves pursuant to Rule

30(c)(4), Mass. R. Crim. P., for an order permitting discovery in

aid of the pending Motion For Release From Unlawful Restraint,

For New Trial, For Post-Trial Discovery and Hearings(hereinafter

"Motion for New Trial") and in support hereof states as follows:

1.    The Motion For New Trial establishes a prima facie case

for relief.  When such a prima facie case has been established

then discovery is appropriate pursuant to Rule 30(c)(4) Mass. R.

Crim. P.

2.    Procedurally, this case comes before this Court

following a Petition For Writ of Habeas Corpus that was pursued

in the United States District Court.  After a review of issues in

the federal case United States District Court Justice William G.

Young issued a decision noting that all state court issues had

not been exhausted.  Specifically, Judge Young noted that the

Affidavit of Leo Womack, Jr., "casts doubt on the fairness of

Gaskin's trial." See Gaskins v. Duval, U.S.D.C. No: 97-11540-WGY,

Memorandum and Order dated March 28, 2000, at p. 6.  A copy of

1

this Memorandum is attached to the Memorandum of Law in Support of Motion For Release From Unlawful Restraint, as filed with this Court on April 1, 2000. Judge Young also noted that the Womack Affidavit constituted evidence on "the issue of perjury and raises serious questions regarding prosecutorial misconduct." Id.

3.   Mr. Gaskins has taken such steps as are in his power to secure information in support of the Motion For New Trial, but the full grounds of the motion cannot be presented to this Court in the absence of Court ordered discovery. It is anticipated that following access to discovery that the grounds for post-conviction relief would be even more compelling.

4.   While post-conviction motions have been filed in this case in the past, such previous motions were not supported by the same quantity of proof that has been submitted in support of this motion, and Mr. Gaskins has not previously had the opportunity to pursue post conviction relief with access to discovery pursuant to Rule 30(c)(4), Mass. R. Crim. P.

5.   It is submitted that it would be in the interests of justice to permit discovery, and that the Motion For New Trial, as filed, with supporting memoranda and affidavits, does establish a prima facie case for relief, thereby supporting this motion for discovery.

6.   For purposes of convenience, rather than filing an omnibus discovery motion, separate motions addressed to specific issues are submitted herewith, incorporating the grounds stated herein.

2

7.    It is submitted that discovery is appropriate, and that the failure to permit discovery would deprive Mr. Gaskins of due process of law, to a fair trial, and to access to the Courts, in violation of the Fifth, Sixth and Fourteenth Amendments, to the United States Constitution, and Article 12 of the Declaration of Rights and the Constitution of the Commonwealth.

> Respectfully submitted,
> by the attorney for
> Tony Gaskins
>
> John J. Barter
> Attorney at Law
> B.B.O. No: 032150
> Third Floor
> 83 Atlantic Avenue
> Boston, MA 02110
> (617) 367-2545

October 25, 2000

## CERTIFICATE OF SERVICE

A copy of the above document was served by first class mail, postage pre-paid, on this day, upon the attorney for the Commonwealth:

Kevin Mitchell, ADA
Appellate Division
Essex County District
Attorney's Office
1 E. India Square
Salem, MA 01970

John J. Barter

October 25, 2000

3

A0G040

COMMONWEALTH OF MASSACHUSETTS
ESSEX, SS.                                    SUPERIOR COURT
                                              CRIMINAL NO:91-CR-018642

```
                                    )
COMMONWEALTH                        )
                                    )
v.                                  )
                                    )
TONY GASKINS                        )
_____)
```

## MOTION FOR DISCLOSURE OF PROMISES INDUCEMENTS AND REWARDS

The defendant, Tony Gaskins, moves this Court for an Order requiring the Commonwealth to disclose all incentives, promises, inducements, and rewards that were offered or provided to, any person, including any percipient witness, trial witness, potential witness, or other person having knowledge of the facts in the above alleged case, and in support hereof states as follows:

1.    It appears from the record that the Commonwealth's two chief witnesses in this case, Leo Womack and Raymond Coffill, provided testimony for the Commonwealth in this case.  It appears that these witnesses did not go to trial for murder, but instead were sentenced on lesser charges and sentenced to prison for terms of years.

2.    As a result of the allegations in the Affidavit of Leo Womack, there is cause to believe that Mr. Womack, and possibly other witnesses, were provided with incentive to provide certain testimony.

1

A 0 C 6 4 1

3.    It would be appropriate to require the Commonwealth to fully disclose all discussions, negotiations, letter agreements, and representations that were made to any witnesses, or potential witnesses in this case, including any discussions or representations by police officers, district attorneys or other representatives of the Commonwealth to any witness, or any representative of any witness.

4.    The grounds asserted in the Motion for Discovery Pursuant To Rule 30(c) Mass. R. Crim. P., are incorporated herein by reference.

Respectfully submitted,
by the attorney for
Tony Gaskins

John J. Barter
Attorney at Law
B.B.O. No: 032150
Third Floor
83 Atlantic Avenue
Boston, MA 02110
October 25, 2000                          (617) 367-2545

## CERTIFICATE OF SERVICE

A copy of the above document was served by first class mail, postage pre-paid, on this day, upon the attorney for the Commonwealth:

Kevin Mitchell, ADA
Appellate Division
Essex County District
Attorney's Office
1 E. India Square
Salem, MA 01970

October 25, 2000                      John J. Barter

2

A 0 0 6 4 2

COMMONWEALTH OF MASSACHUSETTS
ESSEX, SS.                              SUPERIOR COURT
                                        CRIMINAL NO:91-CR-018642

```
_____
                                 )
COMMONWEALTH                     )
                                 )
v.                               )
                                 )
TONY GASKINS                     )
_____)
```

## MOTION FOR ORDER REQUIRING
## DISCLOSURE OF MEDICAL RECORDS

The defendant, Tony Gaskins, moves This Court for an Order requiring the disclosure of copies of all medical records of David Clark, (d.o.b., 10/5/57) in the possession of Lynn Hospital, Lifeline Ambulance, Union Hospital, Atlanticare, and other medical personnel associated with such health care facilities, and in support hereof states as follows:

1.    In a Lynn Police Incident Report dated 2/16/91, it is reported that David Clark, the decedent, sought medical care on or about February 16, 1991.  That Police Report indicates that Mr. Clark reported that the cause of the puncture wound from which he was suffering was that he "fell on the bed" or "fell on his broken bed."  It appears that these statements may have been made to, or in the presence of medical personnel.  The Report indicates that Mr. Clark had contacts with each of these named medical institutions and with Lifeline Ambulance.  There is reason to believe that this account of how Mr. Clark sustained injury company, by falling on a broken bed, would be exculpatory to Mr. Gaskins.

1
A0C043

2.    Evidence that Mr. Clark suffered a puncture wound due to an accident is not only exculpatory to Mr. Gaskins, but also suggests that there may not have been any homicide at all.    In order to further investigate this actual innocence issue, Mr. Gaskins seeks access to such medical records of the decedent as may be in the care custody and control of the above named health care providers.

3.    The grounds asserted in the Motion for Discovery Pursuant To Rule 30(c) Mass. R. Crim. P., are incorporated herein by reference.

                                    Respectfully submitted,
                                    by the attorney for
                                    Tony Gaskins,

                                    John J. Barter
                                    Attorney at Law
                                    B.B.O. No: 032150
                                    Third Floor
                                    83 Atlantic Avenue
                                    Boston, MA 02110
October 25, 2000                    (617) 367-2545

                        CERTIFICATE OF SERVICE
      A copy of the above document was served by first class mail, postage pre-paid, on this day, upon the attorney for the Commonwealth:

      Kevin M. Mitchell, ADA
      Appellate Division
      Essex County District
      Attorney's Office
      1 E. India Square
      Salem, MA 01970

October 25, 2000                    John J. Barter

2

A0C044

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                     SUPERIOR COURT
                                               CRIMINAL NO:91-CR-018642

```
_____
                               )
COMMONWEALTH                   )
                               )
v.                             )
                               )
TONY GASKINS                   )
_____)
```

## MOTION FOR FUNDS FOR INVESTIGATOR

The defendant, Tony Gaskins, moves This Court for an Order authorizing $2,000 in funds for an investigator and in support states as follows:

1.   In order to investigate and provide further support for the grounds as asserted in the pending Motion For New Trial, additional resources in the form of an investigator are requested.

2.   Based upon a review of the record it appears that there are witnesses who could provide exculpatory evidence, and who could support certain grounds as asserted in the Motion For New Trial.  The defendant seeks funds for an investigator to assist in locating and interviewing such witnesses.

3.   The grounds asserted in the Motion for Discovery Pursuant To Rule 30(c) Mass. R. Crim. P., are incorporated herein by reference.

4.   It is submitted that it would be in the interests of justice, due process of law, the right to a fair hearing, and the

1

right to produce favorable proof, pursuant to the Fifth and Sixth
Amendments to the United States Constitution and Article 12 of
the Declaration of Rights, for this motion to be allowed.

                                    Respectfully submitted,
                                    by the attorney for
                                    Tray Gaskins,

                                    John J. Barter
                                    Attorney at Law
                                    B.B.O. No: 032150
                                    Third Floor
                                    83 Atlantic Avenue
                                    Boston, MA 02110
October 25, 2000                    (617) 367-2545

## CERTIFICATE OF SERVICE

   A copy of the above document was served by first class mail,
postage pre-paid, on this day, upon the attorney for the
Commonwealth:

       Kevin Mitchell, ADA
       Appellate Division
       Essex County District
       Attorney's Office
       1 E. India Square
       Salem, MA 01970

October 25, 2000                    John J. Barter

A00046