UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


Tony B. Gaskins,

     Petitioner,                Civil Action
                                   No. 04-CV-12255-WGY
v.

Ronald T. Duval,

     Respondent.



MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT
OF COUNSEL

STANDARD OF REVIEW

     This court should consider the "factual complexity
of the case, the ability of the indigent to investigate
the facts, the existence of conflicting testimony, the ability
of the indigent to present his claims and the complexity
of the legal issues." Abdullah v. Gunter, 949 F.2d 1032,
1035 (8th Cir. 1991), cert. denied, 112 S.Ct. 1995 (1992).
In addition, the Courts have suggested that the most
important factor is whether the case appears to have merit.
Cooper v. A. Sargenti, 877 F.2d 170, 173 (2d Cir. 1989).
Each of these factors favors appointing counsel in this
case.

FACTUAL COMPLEXITY

     Mr. Gaskins has presented numerous challenges to this
court that are too complex for him to handle from a legal

-2-

standpoint because to present this case may require cer-
tain presentations to the Judge, and the defendant will
not be permitted to do so.  More importantly, the sheer
numbers of claims make this a factually complex case.
See Moore v. Mabus, 976 F.2d 268, 272 (1992); Jackson v.
County of McLean, 953 F.2d 1070, 1073 (1992); Tucker v.
Randall, 948 F.2d 388, 392 (1991).

PETITIONER'S INABILITY TO INVESTIGATE AND
PRESENT CLAIM.

        Mr. Gaskins case will require additional discovery
and further evidentiary hearings that were not permitted
in the state court.  For that to happen, it will require
possible investigation, something that Mr. Gaskins is unable
to do because of his present incarceration. See Tucker v.
Dickey, 613 F.Supp. 1124, 1133-1134 (1985)(need for discovery
supported appointment of counsel); Tabron v. Grace, 6 F.3d
147, 156 (1993)(holding the need for discovery supports
appointment of counsel).

LEGAL COMPLEXITY AND MERIT OF CASE

        A lot of the claims Mr. Gaskins presents within his
§ 2254 petition and supplemental petition presents complex
legal issues.  For instance, the perjured testimony and
newly discovered evidence claims are so complex, that it
will require an accomplished legal mind to present those

-÷3-

claims considering that evidentiary hearings may be required
on those claims.  As pointed out in the pleadinsg, if the pro-
secuting attorney suborned perjury or knew that his witness
was perjuring himself and failed to correct that perjury,
then Mr. Gaskins claim of prosecutorial misconduct would
have merit. Accord <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

CONCLUSION

For the foregoing reasons, this Honorable Court should
grant the petitioner's motion and appoint him counsel in
this case.

Respectfully Submitted,

Dated: 6/18/8

Tony B. Gaskins, Pro se
MCI-Cedar Junction
P.O. Box 100
South Walpole, Ma. 02071