

# The Commonwealth of Massachusetts
## SUPREME JUDICIAL COURT
### FOR SUFFOLK COUNTY
JOHN ADAMS COURTHOUSE
ONE PEMBERTON SQUARE, SUITE 1300
BOSTON, MASSACHUSETTS 02108-1707
WWW.SJCCOUNTYCLERK.COM

MAURA S. DOYLE
CLERK

CASE INFORMATION (617) 557-1100
FACSIMILE (617) 557-1117

ATTORNEY SERVICES (617) 557-1050
FACSIMILE (617) 557-1055

August 12, 2008

John J. Barter, Esquire
Law Office of John J. Barter
83 Atlantic Avenue, 3rd Floor
Boston, MA 02110-3711


RE: No. SJ-2008-0105

   COMMONWEALTH
         vs.
   TONY GASKINS

   Essex Superior Court
   No. ESCR1991-18642


NOTICE OF DOCKET ENTRY

You are hereby notified that on August 7, 2008, the following was entered on the docket of the above referenced case:

MEMORANDUM OF DECISION:..."I conclude that the issues raised by the affidavit are not substantial and do not require consideration by the full court. The petition is denied." (Cordy, J.)

Maura S. Doyle, Clerk

To: John J. Barter, Esquire
    David F. O'Sullivan, Assistant District Attorney
    John T. Dawley, Assistant District Attorney
    Essex Superior Court

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                         SUPREME JUDICIAL COURT
                                     FOR SUFFOLK COUNTY
                                     SJ-2008-0105

                                     Essex Superior Court
                                     No. ESCR1991-1864

COMMONWEALTH

vs.

TONY GASKINS

MEMORANDUM AND DECISION

The petitioner, Tony Gaskins, convicted of murder in the first degree under theories of premeditation and felony murder, see Commonwealth v. Gaskins, 419 Mass. 809 (1995), seeks leave to appeal the denial of his fourth (post-rescript) motion for a new trial pursuant to G. L. c. 278, § 33E. His petition is denied.

The grounds of Gaskin's motion for a new trial are essentially these: (1) the trial judge erred in his instructions on malice; (2) the Commonwealth intentionally destroyed exculpatory evidence (i.e., prior statements of a witness made to police); (3) trial counsel was ineffective in failing to offer what is characterized as a dying declaration of the victim; and (4) the prosecutor coerced a key witness into testifying falsely at the trial. As concerns the first three of these issues, it is apparent on the face of the record that they

2

are not new (or substantial), and do not warrant consideration by the full court. G. L. c. 278, § 33E.

The fourth issue, which is "new," arises from the affidavit of a key prosecution witness (and codefendant) who testified at the trial to certain inculpatory statements made by Gaskins after Gaskins had assaulted, attempted to rob, and chased the victim (who subsequently died of a stab wound). In his affidavit, signed by the witness in 1999, while serving his sentence for manslaughter, the witness avers that Gaskins did not admit that he stabbed the victim and that the prosecutor coerced him into testifying falsely to that effect at the trial.\* The motion judge held extensive hearings on the matters raised in the affidavit, including an evidentiary hearing at which the witness's trial attorney testified about the meeting the witness (and the attorney) had with the prosecutor. The prosecutor, by then a judge, also provided an affidavit regarding that meeting. The witness refused to testify at the hearing. The judge found the witness's affidavit not to be credible, and to the contrary with respect to the testimony of the defense attorney and the affidavit of the prosecutor. Consequently, the judge concluded that the witness had not been coerced to give false testimony at the trial, and, for that and other reasons, denied Gaskins's

---

\* A second codefendant also testified to similar admissions made by Gaskins.

3

motion for a new trial.

Having reviewed the entire record before me, including the thorough and thoughtful findings and memoranda of the motion judge, I conclude that the issues raised by the affidavit are not substantial and do not require consideration by the full court.

The petition is denied.

                                     _____
                                     Robert J. Cordy, Associate Justice

Date Entered: August 7, 2008